**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**TONY R. ROSS**                                                                      **PLAINTIFF**

**V.**                 **CASE NO.: 5:06CV00140 JMM/BD**

**MICHAEL J. ASTRUE,
Commissioner, Social Security Administration**                      **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

**II.     Procedural History:**

Plaintiff Tony Ross has appealed the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying him a period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act"). For reasons that follow, the Court recommends that the decision of the Administrative Law Judge ("ALJ")[1] be affirmed.

Plaintiff filed an application for disability and disability insurance benefits on April 4, 1996, alleging an inability to work due to chronic low back pain, painful knees, and asthma. (Tr. 25-26) The application was denied and Plaintiff did not advance it further. Plaintiff filed a second application for Title II benefits on April 16, 1997, alleging an inability to work due to chronic low back pain, asthma, and shoulder pain apparently caused by playing volleyball. (Tr. 27-29, 306-307) The application was denied initially and upon reconsideration, and Plaintiff did not advance it further. Plaintiff filed this third application for Title II benefits on December 5, 2002, alleging an inability to work due to chronic low back pain, asthma, skin disease, anxiety, depression, and Post-traumatic Stress Disorder ("PTSD"). (Tr. 30-32, 414) This application was denied on initial and reconsideration determinations, and Plaintiff requested a hearing.

The ALJ held a hearing on August 17, 2005, and Plaintiff appeared without representation. (Tr. 513) Plaintiff previously had fired one attorney and his second

---

[1] The Honorable David J. Manley, Administrative Law Judge.

attorney quit. (Docket entry #6, p. 2-3) (Tr. 58)  The ALJ offered to postpone the hearing to allow Plaintiff to obtain representation, but Plaintiff declined the ALJ's offer and waived his right to representation. (Tr. 515-16)  At the hearing, the ALJ received testimony from Plaintiff and a vocational expert ("VE"), Beverly M. Prestonback.  On October 28, 2005, the ALJ issued a decision denying Plaintiff benefits. (Tr. 13-18)  Plaintiff filed a *pro se* Complaint for Review of Decision on May 26, 2006 (docket entry #2).  The Court appointed Plaintiff counsel on August 10, 2006 (docket entry #13).  Plaintiff filed the current Amended Complaint (docket entry #14) on October 25, 2006.

**III.    Background:**

At the time of the hearing, Plaintiff was a 38-year-old male with a high school education.  Plaintiff had accumulated college credit hours although he alleged the extent of his college education was overstated. (Tr. 289, 520)  Plaintiff had past relevant work as a janitor and a shipping clerk. (Tr. 14, 126, 529)  Plaintiff alleged he had been fired from, or forced to quit, every job he has had due to his physical and mental conditions. (Tr. 206, 210, 522)

Plaintiff testified that his ability to work was limited by chronic back pain, asthma, and PTSD. (Tr. 522)  Plaintiff served in the Army from October 8, 1985 until July 13, 1988. (Tr. 92)  He did not experience combat during this service.  Plaintiff testified that his chronic back pain was caused by a car accident during his military service. (Tr. 522)  Plaintiff's asthma was allegedly caused by exposure to chemicals during military training.

3

(Tr. 522)  Plaintiff was also a chronic smoker.  (Tr. 280, 283, 288, 427, 494, 499, 507)  Plaintiff stated that his PTSD was caused by the stress and anxiety related to his back pain and asthma.  (Tr. 276, 522-23)  Plaintiff received a 100% disability rating from the Department of Veterans Affairs ("VA") due to these conditions.  (Tr. 92-98)

Plaintiff reported daily activities of taking out the trash, shopping for clothes, banking, driving, attending church, watching television, listening to the radio, reading, and going to the movies.  (Tr. 103-04)  Plaintiff was able to take care of his personal needs and played dominoes with friends on the weekends.  (Tr. 101, 103-04, 527)  Plaintiff reported an inability to do most housework or walk for exercise.  (Tr. 103-04)  During the hearing, Plaintiff testified that he was able to take care of his housework, although his girlfriend did most of his housework for him.  (Tr. 526)  In addition, Plaintiff testified that he walked about half a mile a day, four to five days a week.  (Tr. 526)

### IV. Findings of the ALJ:

The ALJ followed the required five-step sequential analysis set out in the Social Security Regulations, 20 C.F.R. §§ 404.1520, finding: (1) that Plaintiff had not engaged in substantial gainful activity since the onset of his alleged disability; (2) that he suffered from a "severe impairment," as that term is interpreted for purposes of the Social Security Regulations; (3) that Plaintiff did not have an impairment, or combination of impairments, that rose to the level of severity for any impairment listed in Appendix 1 to Subpart P, Regulation No. 4; (4) that Plaintiff retained the residual functional capacity

("RFC") to perform a narrowed range of medium work activity; and (5) that Plaintiff's impairments did not prevent him from performing his past relevant work. At step four, the ALJ found that Plaintiff was "not disabled" under 20 C.F.R. § 404.1520(f) because of the finding that he was able to perform past relevant work.

Plaintiff contends the ALJ's finding are not supported by substantial evidence because: (1) contrary to the ALJ's findings, Plaintiff's mental impairments affected the occupational base (docket entry #23, p. 4); (2) the ALJ erred in his duty to develop the record by failing to include a Veterans Administration ("VA") psychological examination used in the VA disability determination (docket entry #23, p. 4-5); and (3) the ALJ failed to properly address Plaintiff's 100% VA disability rating. Plaintiff does not contest any of the ALJ's findings relating to his chronic back pain and asthma (docket entry #23).

The Defendant argues that the ALJ's decision is supported by substantial evidence because: (1) the ALJ properly evaluated Plaintiff's allegations of mental impairment; (2) the ALJ met his duty to fully and fairly develop the record; and (3) the ALJ thoroughly reviewed Plaintiff's 100% VA disability rating.

**V.     Legal Analysis:**

In reviewing the ALJ's decision, this Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g). This review function is limited, and the decision of the ALJ must be affirmed "if the record contains substantial evidence to support it." *Edwards v. Barnhart,*

5

314 F.3d 964, 966 (8th Cir. 2003). "Substantial evidence is less than a preponderance but enough so that a reasonable mind could find it adequate to support the decision." *Id.* Evidence that both supports and detracts from the ALJ's decision must be considered, but the decision cannot be reversed "merely because there exists substantial evidence supporting a different outcome." *Id.* "Rather, if, after reviewing the record, . . . it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, we must affirm the decision of the [ALJ]." *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000) (citations and quotations omitted). Thus, the Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).

    A.    **Plaintiff's Physical Residual Functional Capacity:**

The ALJ bears the responsibility for assessing Plaintiff's RFC. *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Plaintiff's RFC is what he can do despite his limitations. 20 C.F.R. § 404.1545 (2003). In determining Plaintiff's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that Plaintiff can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The ALJ must determine the Plaintiff's RFC based on all relevant evidence, including medical records,

observations of treating physicians and others, and Plaintiff's own descriptions of his limitations. *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).

As noted, Plaintiff does not contest any of the ALJ's findings relating to his chronic back pain and asthma (docket entry #23). The ALJ found that Plaintiff retained the RFC to perform a narrowed range of medium work activity. (Tr. 15-18) Plaintiff's asthma prevented him from preforming work in environments containing excessive dust, irritants, or pollutants. (Tr. 14) Even though Plaintiff does not appear to contest these findings, this Court independently reviewed the record and determined that the ALJ's findings are based on substantial evidence. The medical record contains extensive evidence supporting the ALJ's findings relating to Plaintiff's chronic back pain and asthma. (Tr. 279, 280, 282, 283, 288, 296, 298, 427, 458-465, 483-490, 494, 501, 506) Accordingly, this Court cannot find error in the ALJ's physical RFC findings.

  B. <u>**Plaintiff's Mental Impairments:**</u>

Plaintiff asserts that, contrary to the ALJ's findings, his mental impairments limited his occupational base. The ALJ did not decide Plaintiff's case based on jobs that existed in the national economy. Instead, the ALJ determined that Plaintiff could perform his past relevant work as a janitor or shipping clerk. (Tr. 17) Thus, the relevant question is whether Plaintiff's mental impairments prevented him from working as a janitor or shipping clerk. As the determination was made at step four, the burden was firmly on

Plaintiff to establish that he was unable to perform his past relevant work. *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007).

Plaintiff alleged disability in part due to mental impairments of anxiety, depression, and PTSD. (Tr. 30-32, 414) Plaintiff stated that his PTSD was caused by the stress and anxiety related to his back pain and asthma. (Tr. 276, 522-23) Plaintiff received a 50% disability rating from the VA for PTSD. (Tr. 93-94) The VA disability rating resulted from a VA examination that found chronic PTSD symptoms, which appeared mild to moderate and at times severe. (Tr. 93) This examination is not part of the record.[2] However, the VA disability decision, which thoroughly discussed the VA examination, is included in the record. (Tr. 92-98) In addition, the record contains two separate psychological evaluations. The first evaluation is a Psychiatric Review Technique ("PRT"), which found Plaintiff's impairments not severe. (Tr. 194-202) The PRT found only slight restrictions of daily activities, slight difficulties in maintaining social functioning, and seldom deficiencies of concentration, persistence, or pace in completing tasks in a work setting. (Tr. 201) The second psychological evaluation found no evidence of PTSD or other limiting conditions. (275-279) This evaluation determined that Plaintiff had no limitations in adaptive functioning and that his problems were centered around his physical complaints. (Tr. 278) In addition, the VA disability

---

[2] Discussion regarding the ALJ's duty to include the VA examination in the record is under Subheading C *infra*.

decision pointed out that all of the medical records leading up to the VA examination that indicated Plaintiff had PTSD were negative for complaints of, treatment for, or diagnosis of PTSD.  (Tr. 93)

Plaintiff has taken medication for stress, but he has never received mental health treatment.  (Tr. 93, 276, 480)  Failure to seek treatment may be inconsistent with a finding of disability.  *Wilson v. Chater*, 76 F.3d 238, 241 (8th Cir. 1996); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989); *McClees v. Shalala*, 2 F.3d 301, 303 (8th Cir. 1993); *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).  While not dispositive, failure to seek treatment may be indicative of the relative seriousness of a medical problem.  *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).  In addition to failing to seek treatment, the record shows that Plaintiff failed to attend any of his scheduled psychiatry consultations for his PTSD.  (Tr. 424, 429, 430)  The record also shows that Plaintiff denied having, or failed to mention, psychiatric symptoms on multiple physician visits.  (Tr. 280, 290, 302, 425, 434)

The ALJ found that Plaintiff had only slight difficulties in functioning due to his mental impairments.  (Tr. 15)  Plaintiff did not have any episodes of decompensation or psychotic features.  (Tr. 15)  Despite Plaintiff's mental impairments, he has always been able to function.  (Tr. 15)  These findings are supported by the medical record.  Plaintiff's ability to perform past relevant work is supported by VE's testimony.  Plaintiff had no problem completing most daily activities and playing dominoes.  (Tr. 101, 103, 104, 527)

Going to the movies, which requires some level of concentration, was one of Plaintiff's hobbies. (Tr. 104) The record indicates that Plaintiff's past relevant work was interrupted by drug usage, not by any of his impairments (Tr. 16, 287, 288, 289, 316) The ALJ properly considered the fact that Plaintiff had not sought treatment, beyond medication, for his mental impairments. See *Ownbey v. Shalala*, 5 F.3d 342, 344-45 (8th Cir 1993) (it is significant that plaintiff did not seek or receive treatment for his alleged impairments). Based on the entire record, there is ample evidence to support the ALJ's finding that Plaintiff's mental impairments did not prevent him from performing past relevant work. *Edwards,* 314 F.3d at 966. Accordingly, the ALJ's decision on this issue should be affirmed.

### C. Duty to Include VA Psychological Evaluation in the Record:

Plaintiff correctly states that the ALJ has a duty to fully and fairly develop the record. See *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("a social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record"). "This duty is even greater where, as here, the [Plaintiff] is not represented by counsel at his hearing." *Salts v. Sullivan*, 958 F.2d 840, 844 (8th Cir. 1992). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994).

Plaintiff received a 50% disability rating from the VA based on his PTSD. (Tr. 93-94) The VA disability rating resulted from a VA examination that found chronic

PTSD symptoms, which appeared mild to moderate and at times severe. (Tr. 93) Plaintiff states that the ALJ failed in his duty to develop the record because he omitted the VA examination diagnosing PTSD. The VA disability included extensive references to the examination. (Tr. 92-98)  Furthermore, there was other medical evidence in the record relating to Plaintiff's mental condition. One indicated that Plaintiff's impairments were not severe and the second found no evidence of PTSD. (Tr. 194-202; 275-279) It is significant that the VA examination in question was not performed by a treating physician, as Plaintiff has never received treatment for PTSD. (Tr. 93, 276, 480)

Plaintiff argues that the omitted VA evaluation is so critical, that the Court should remand this case based on this omission alone. This argument is not well taken. Although Plaintiff appeared at his hearing *pro se*, at least three attorneys have worked on his case. It is of some relevance that none of Plaintiff's attorneys attempted to place the VA examination at issue in the record. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). The fact that Plaintiff's counsel did not obtain or submit the VA examination suggests that it had only minor importance. *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995). More importantly, Plaintiff's current attorney failed to provide any evidence from the VA examination that would allow the Court to determine whether Plaintiff was prejudiced by the omission.

Plaintiff bears a heavy burden in showing the record has been inadequately developed. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007) (unpublished). He

must show both a failure to develop necessary evidence and also unfairness or prejudice from that failure. See *Haley v. Massanari*, 258 F.3d 742, 749-750 (8th Cir. 2001)(holding that reversal due to failure to develop the record is warranted only where the failure is unfair or prejudicial); *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (holding that remand for additional evidence is appropriate only if Plaintiff establishes that the failure to fully develop record resulted in prejudice). In the present case, Plaintiff has failed to show unfairness or prejudice from the ALJ's failure to include the VA psychological examination in the record. Accordingly, reversal or remand based on the omission of this one report is not warranted.

      D.      **VA Disability Determination:**

Plaintiff contends the ALJ failed to properly address Plaintiff's 100% VA disability rating. The Court disagrees. The ALJ recognized the VA determination and noted that it was not binding. (Tr. 13-14) See 20 C.F.R. § 404.1504; *Fisher v. Shalala*, 41 F.3d 1261, 1262 (8th Cir. 1994). The ALJ also thoroughly discussed the evidence used in the VA determination. (Tr. 14-17) It is also worth noting that a VA disability determination is based on a different standard from a Social Security determination, where Plaintiff has the burden of proving that his impairment is "severe." *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1995). The significant difference in the two standards is illustrated by the fact that Plaintiff was found to be fifty percent disabled under the VA

standard, even though he was still able to participate in activities such as playing volleyball. (Tr. 307)

While the VA determination could have been more detailed, under the circumstances, it was sufficient. See *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992) (quoting *Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir. 1987) (an "arguable deficiency in opinion-writing technique" does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome). The ALJ had substantially more medical evidence available than was used in the VA determination. (Tr. 93) The record does not support Plaintiff's contention that his service-connected disability equates to an inability to engage in any substantial gainful activity under the Act. See *Fisher,* 41 F.3d at 1262 (holding that a sixty percent service-connected disability was not equal to Social Security disability).

The ALJ found that Plaintiff could return to past relevant work as a janitor or shipping clerk. (Tr. 17) Plaintiff had the burden of proving a severe impairment that prevented him from performing this past relevant work. Plaintiff did not meet that burden. Accordingly, the Commissioner's decision should be affirmed.

## VI.   CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to

support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; see also *Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

For these reasons, the Court recommends that the District Court affirm the final determination of the Commissioner and dismiss Plaintiff's complaint with prejudice.

DATED this 13th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE